IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN HOLDEN <br> (TDCJ No. 1484846), <br><br> Petitioner, <br><br> V. <br><br> WILLIAM STEPHENS, Director <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | No. 3:14-cv-70-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Adrian Holden, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be dismissed on limitations grounds.

**Background**

In 2008, a Dallas County jury convicted Petitioner of aggravated assault and burglary of a habitation, and he was respectively sentenced to concurrent sentences of 40 and 25 years confinement. His convictions and sentences were affirmed on direct appeal. *See Holden v. State*, Nos. 05-08-00148-CR, 05-08-00149-CR, 2008 WL 5401539 (Tex. App. – Dallas Dec. 30, 2008, no pet.).

Petitioner did not move for rehearing in the Court of Appeals. He instead waited until June 2, 2009 to file petitions for discretionary review in the Texas Court of Criminal Appeals, *see* Dkt. No. 13-1, more than four months after January 29, 2009, the day that the judgment of the Dallas Court of Appeals became final. *See* TEX. R. APP.

P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals."). The Court of Criminal Appeals, accordingly, denied the petitions as untimely the same day that they were filed. *See* Dkt. No. 13-1.

The petition now before the Court is not Petitioner's first attempt to collaterally attack his convictions and sentences. He previously sought habeas relief in the state courts and in this Court. While the exact date that Petitioner filed his previous petitions does not matter for purposes of this recommendation – because habeas relief was sought after 28 U.S.C. § 2244(d)'s limitations period had run – Petitioner contends that he "placed both his state and federal habeas corpus writ[s] in the prison mailbox" on March 25, 2010. Dkt. No. 15 at 2.

The state petitions were ultimately denied by the Court of Criminal Appeals on December 11, 2013, without written order based on the findings of the trial court without a hearing. *See Ex parte Holden*, WR-80-504-01, -02 (Tex. Crim. App. Dec. 11, 2013).

Petitioner's two previous federal habeas petitions were dismissed by this Court without prejudice for failure to exhaust state remedies, pursuant to 28 U.S.C. § 2254(b), (c). *See Holden v. Thaler*, No. 3:10-cv-657-N, 2010 WL 2367378 (N.D. Tex. May 5, 2010), *rec. adopted*, 2010 WL 2367374 (N.D. Tex. June 10, 2010); *Holden v. Thaler*, No. 3:10-cv-656-G, 2010 WL 2303254 (N.D. Tex. May 6, 2010), *rec. adopted*, 2010 WL 2303252 (N.D. Tex. June 4, 2010).

The habeas petition now before this Court was filed on January 3, 2014, the date on which Petitioner declares that it was placed in the prison mailing system. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

Respondent has filed a preliminary response in which he argues that this case is barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations, *see* Dkt. No. 13, and Petitioner has addressed this issue in a reply docketed on July 25, 2014, *see* Dkt. No. 15.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new, reliable evidence sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

**Analysis**

Petitioner's convictions were affirmed on direct appeal on December 30, 2008, and his untimely petitions for discretionary review were filed in, and refused by, the Court of Criminal Appeals on June 2, 2009. Because his petitions to the Court of Criminal Appeals were not timely, Petitioner "effectively 'stop[ped] the appeal process before [seeking Supreme Court review],' and the limitations period of § 2244(d)(1)(A) began to run 'when the time for seeking further direct review in the state court expire[d]'" on January 29, 2009. *Tovar v. Thaler*, C.A. No. C-11-341, 2012 WL 3249466,

at *2 (S.D. Tex. Feb. 29, 2012) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Here, the AEDPA's limitations period is not subject to statutory tolling for the period of time during which Petitioner's state habeas application was pending, because it was filed no earlier than March 25, 2010, *see* Dkt. No. 15 at 2 – more than one year after his conviction became final, *see Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))). Thus, absent statutory tolling, Petitioner filed this federal writ almost four years after the expiration of the AEDPA's statute of limitations.

Petitioner does not attempt to excuse this delay or assert "actual innocence". Instead, under the heading "Equitable Tolling" in his reply brief, he seems to argue that his previous federal habeas petitions should have tolled the AEDPA's limitations period. *See* Dkt. No. 15 at 3. But, while this Court chose to deny those petitions without prejudice because Petitioner had a pending state habeas petition, for the reasons explained here, those petitions were also barred by the ADEPA's one-year statute of limitations.

Thus, the fact that Petitioner sought relief in this Court previously does not show why the current federal petition is not barred by limitations or, moreover, why the limitations period should be "equitably tolled." *See, e.g.*, *Pyrtle v. Stephens*, Civil Action No. H-13-1483, 2013 WL 6284413, at *2 (S.D. Tex. Dec. 3, 2013) (where the

petitioner sought untimely state habeas relief and prior federal habeas relief, the court explained that "Pyrtle's prior federal habeas petition does not toll the AEDPA limitations period because it is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001); *Mathis v. Thaler*, 616 F.3d 461, 473 (5th Cir. 2010))).

Without proof of actual innocence or a basis for equitable or statutory tolling, Petitioner's writ must be dismissed as untimely.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 DATED: September 16, 2014

          _____
          DAVID L. HORAN
          UNITED STATES MAGISTRATE JUDGE