IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ADRIAN HOLDEN                           §
(TDCJ No. 1484846),                     §
                                        §
            Petitioner,                 §
                                        §
V.                                      §          No. 3:14-cv-70-L-BN
                                        §
WILLIAM STEPHENS, Director              §
Texas Department of Criminal Justice    §
Correctional Institutions Division,     §
                                        §
            Respondent.                 §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Adrian Holden previously noticed an appeal of this Court's denial of his habeas application filed under 28 U.S.C. § 2254. *See* Dkt. No. 22. He then filed a motion for extension of time to apply for *in forma pauperis* status on appeal and a motion for leave to proceed *in forma pauperis* on appeal. *See* Dkt. Nos. 23 & 24. On January 8, 2015, United States District Judge Sam A. Lindsay referred those motions to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 25. The undersigned now issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On September 16, 2014, the undersigned recommended that Petitioner's application for writ of habeas corpus – Petitioner's third such application filed in this Court – be dismissed with prejudice because it is barred by limitations. *See generally*

-1-

Dkt. No. 16 (citing *Holden v. Thaler*, No. 3:10-cv-657-N, 2010 WL 2367378 (N.D. Tex. May 5, 2010), *rec. adopted*, 2010 WL 2367374 (N.D. Tex. June 10, 2010); *Holden v. Thaler*, No. 3:10-cv-656-G, 2010 WL 2303254 (N.D. Tex. May 6, 2010), *rec. adopted*, 2010 WL 2303252 (N.D. Tex. June 4, 2010) – both dismissed because Petitioner failed to exhaust state remedies). After he was granted an extension of time to do so, *see* Dkt. No. 18, Petitioner filed objections to the magistrate judge's recommendation, *see* Dkt. No. 19. And, on October 31, 2014, Judge Lindsay adopted the recommendation and entered judgment dismissing Petitioner's case. *See* Dkt. Nos. 20 & 21.

## Legal Standards

28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern the determination of applications to proceed with an appeal *in forma pauperis. See, e.g.*, *Taylor v. Dretke*, No. Civ.A. 4:02-CV-1017Y, 2003 WL 22121296, at *1 (N.D. Tex. Sept. 12, 2003) (challenging dismissal of a Section 2254 petition as an unauthorized successive petition). Section 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *Id.* Because Petitioner was permitted to proceed *in forma pauperis* in this Court, *see* Dkt. No. 6, he

> may proceed on appeal in forma pauperis without further approval, unless[, applicable here,] the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding[.]

FED. R. APP. P. 24(a)(3)(A).

An appeal is taken in good faith under Section 1915(a)(3) if a litigant seeks

appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge*, 369 U.S. at 445; *Amir-Sharif v. Dallas Cnty. Tex.*, 269 F. App'x 525, 526 (5th Cir. Mar. 13, 2008) (per curiam) ("A movant who seeks authorization to proceed IFP on appeal must demonstrate that he is a pauper and that his appeal involves nonfrivolous issues." (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982))); *Davis v. City of Dallas*, No. 3-76-CV-0834-P, 2004 WL 1774550, at *1 (N.D. Tex. July 27, 2004) ("A movant must demonstrate the existence of a non-frivolous issue for appeal." (citing *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988))).

## Analysis

Petitioner has not shown there is a non-frivolous issue to be litigated on appeal by addressing the basis for the Court's dismissal of his case: that his federal writ was filed almost four years after the expiration of the governing statute of limitations and that he failed to show why that limitations period should be equitably tolled. Thus, because Petitioner "fail[s] to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect," the Court should deny Petitioner's motion and certify that his appeal is not taken in good faith under Section 1915(a)(3). *Clark v. Oklahoma*, 468 F.3d 711, 713, 715 (10th Cir. 2006) (affirming district court's denial of motion to proceed IFP because Section 2254

petitioner's "application to appeal failed to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect"); *Thigpen v. Daniels*, 475 F. App'x 306, 308 (10th Cir. Aug. 14, 2012) (applying *Clark*, and citing *Coppedge*, to "conclude, as did the district court, that [the] appeal [was] not taken in good faith" where plaintiff "merely repeat[ed] his claims without providing 'a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect'").

## Recommendation

Plaintiff's motion for extension of time [Dkt. No. 23] should be granted, his motion for leave to proceed *in forma pauperis* on appeal [Dkt. No. 24] should be denied, and the Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Petitioner would not be taken in good faith.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 9, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE